The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Since a city cannot finance land for more than five years, who is responsible for payment of a 20-year loan from the Cleburne County Bank for a building and 10.75 acres of land purchased by the former mayor for the City of Guy?
RESPONSE
I am unable to answer this question because you have not provided me with sufficient facts to render an opinion.
I assume your representation that "a city cannot finance land for more than 5 years" is based upon Ark. Const. amend. 78, which provides in pertinent part:
 Section 2.(a) For the purpose of acquiring, constructing, installing or renting real property or tangible personal property having an expected useful life of more than one (1) year, municipalities and counties may incur short-term financing obligations maturing over a period of, or having a term not to exceed[,] five (5) years.
As reflected in the attached Ark. Op. Att'y Gen. No. 2001-156, Amendment 78 broadened the scope of interest-bearing indebtedness a city might incur without voter approval under the Arkansas Constitution. However, as my predecessor's discussion should reflect, depending on the nature of the project at issue, it may well be that alternative financing mechanisms exist that might warrant a city in incurring debt under terms different than those authorized by Amendment 78.
Before I could respond meaningfully to your request, I would need to know all of the pertinent information giving rise to the transaction you have called into question. More specifically, I would need to be informed regarding such matters as the purpose of the land purchase, the precise purported authority giving rise to the purchase, the terms of the loan and the participation, if any, of the electorate or the Guy town council.
I must further advise you that, although I am statutorily obliged to render my opinion to members of the legislature and various state officials regarding matters of state law, A.C.A. § 25-16-706, I am neither authorized nor equipped to opine on issues whose resolution will necessarily involve making factual determinations. Should you elect to resubmit your request with a broader statement of background facts, I could at most set forth the general principles of law I believe a finder of fact would apply in resolving this possible problem.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure